**Larry SMITH, Sr., Plaintiff–Appellant,**

**v.**

**FEDERAL BUREAU OF INVESTI-GATION, Defendant–Appellee.**

**No. 01–1384.**

United States Court of Appeals, Sixth Circuit.

Nov. 6, 2001.

Before JONES and CLAY, Circuit Judges; DOWD, District Judge.*

Larry Smith, Sr., a pro se Michigan resident, appeals a district court order dismissing his civil rights action construed as being filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Smith sued the Federal Bureau of Investigation complaining that they failed to investigate foot fungus which existed in roller skates owned by the local depart-ment of recreation. He also stated that the department of recreation played its music too loud and needed a new building. The district court dismissed the case as frivolous.

On appeal, Smith argues that the Bureau failed to give proper consideration to his complaints. He requests $7,000,000.00 in damages.

The district court's order is reviewed de novo. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997).

■ The district court properly dismissed the complaint as frivolous. In *Bivens*, the Court held that a plaintiff could recover damages from federal agents for injuries allegedly inflicted in violation of the individual's Fourth Amendment rights. *Bivens*, 403 U.S. at 392–97, 91 S.Ct. 1999. However, *Bivens* is not applicable to a federal agency. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 485–86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). As Smith sued a federal agency, his action had to be dismissed under *Meyer*.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.